THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMOS BARBER, Appellant, *v.* Hon. WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent.

Fourth Department, October 6, 1937.

*Amos Barber*, in person, for the appellant.

*John J. Bennett, Jr., Attorney-General [Charles J. Kennedy, Assistant Attorney-General,* of counsel], for the respondent.

Order affirmed, without costs, on the opinion of CONABLE, County Judge.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

The opinion of the county judge follows:

Conable, J. Writ of habeas corpus, dated September 21, 1936, granted by Hon. Frank A. James, Justice of the Supreme Court.

The relator was convicted in the Oneida County Court November 7, 1927, of the crimes of burglary in the third degree and grand larceny in the second degree. He then admitted having been convicted of three former felonies and was sentenced to imprisonment in Auburn State Prison for the term of his natural life, as was then provided by section 1942 of the Penal Law, as amended by chapter 457 of the Laws of 1926  Evidently some of the formalities of procedure required by section 1943 of the Penal Law were not complied with. For this reason relator obtained a writ of habeas corpus, as a result of which an order was made by Hon. Kennard Underwood, county judge of Cayuga county, on September 1, 1934, directing his return to the county of Oneida for resentence. In this Oneida County Court the prescribed procedure was taken and relator was found by a jury to be the same person three times previously convicted of felonies, and on the 2d of March, 1935, in compliance with said section 1942 of the Penal Law, as amended by chapter 617 of the Laws of 1932, then in effect, he was sentenced to Attica State Prison for an indeterminate period of not less than twenty-five years nor more than his natural life, deducting therefrom the time served on his previous sentence which had been vacated. This sentence seems to have been in accordance with the letter of section 1 of chapter 617 of the Laws of 1932, which provided for an indeterminate sentence " the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a felony as the fourth, or subsequent, offense shall be not less than fifteen years, and the maximum thereof shall be his natural life." The section further provides that a person so sentenced may be released on parole in the same manner and upon the same conditions as prisoners serving indeterminate sentences in State prisons are released.

Section 212 of the Prison (now Correction) Law, as amended by chapter 485 of the Laws of 1928, as of July 1, 1928, forbids release on parole until the minimum of an indeterminate sentence imposed by the court shall have expired. Section 2 of chapter 617 of the Laws of 1932, which took effect simultaneously with the preceding part of said chapter, provides as follows: "A person now confined in a State prison under sentence imposed pursuant to the provisions of section nineteen hundred and forty-two of the Penal Law, as such provision existed prior to the time this act takes effect, may be

released on parole, pursuant to the provisions of such section as amended by this act, when he shall have served a sentence equivalent to the maximum term prescribed by law for conviction of the felony constituting the fourth, or subsequent, offense by reason of which the punishment provided in such section prior to its amendment by this act was originally imposed, but in no event shall such prisoner be released on parole until he shall have served at least fifteen years of such sentence in State prison."

The maximum punishment for burglary in the third degree was ten years and for grand larceny in the second degree was five years.

The relator points out that had he been sentenced under section 1942 of the Penal Law as that section read at the time the offense for which he was sentenced was committed, he would have been eligible for parole when he should have served a minimum of fifteen years, less allowances to which he may have been entitled, as provided by section 2 of chapter 617 of the Laws of 1932, as amended by chapter 189 of the Laws of 1936, whereas, under the sentence which was imposed by the court, as he is informed by the prison authorities, he will not be eligible to parole until he shall have served the minimum of twenty-five years, less such allowances.

For this reason he argues that the sentence as pronounced by the Oneida County Court on March 2, 1935, was illegal, and he asks that this court make an order sending him back to that county for resentence under the provisions of section 1942 of the Penal Law as it existed prior to its amendment by chapter 617 of the Laws of 1932.

If the result as to eligibility for parole is as the relator contends, it is a curious result and perhaps should be called to the attention of the Governor who would have the power to commute the minimum sentence to a term of fifteen years. It seems to me, however, from a reading of these sections involved, in connection with section 1943 of the Penal Law, that the sentence as pronounced by the Oneida County Court on March 2, 1935, was legal; that the court was bound to sentence in accordance with the provisions of chapter 617 of the Laws of 1932; that if it had not done so but had given a straight life sentence at that time in accordance with the law as it existed prior to the time of the amendment, such sentence would have been illegal.

It is my conclusion that chapter 617 of the Laws of 1932 was not *ex post facto*, and illegal on that account, as to this relator. Prior to its enactment, the punishment under the preceding statute was a straight life term without the privilege of parole. Under the amending act he could have been given an indeterminate term of not less than fifteen years or more than life. This did not change the manner of punishment or increase its severity.

The harshness of the punishment was decreased, and the imprisonment was imprisonment in a State prison. (*People* v. *Hayes*, 70 Hun, 111; affd., 140 N. Y. 484; *People* v. *Roper*, 259 id. 635; *People ex rel. Mongno* v. *Lawes*, 225 App. Div. 193.)

The fact that section 2 of the same amending act, taking effect simultaneously, may have rendered certain other prisoners, who had been previously legally sentenced, eligible for parole, does not to my mind render this statute *ex post facto* as to this relator. Prior to its enactment he was entitled to only a life sentence without parole; subsequent to its enactment he was entitled to an indeterminate sentence subject to parole after his minimum sentence should have expired. There was no moment subsequent to the commission of the crime for which he was sentenced, and prior to the taking effect of chapter 617 of the Laws of 1932, when he was entitled to a life sentence with a privilege of a parole, or when he was entitled to any other sentence more favorable to him than that provided by section 1 of the said chapter 617.

It is my conclusion that the writ should be dismissed and the prisoner remanded to the custody of the warden of Attica State Prison.

Dated, November 4, 1936.